945 So.2d 220 (2006)
STATE of Louisiana, Appellee,
v.
Antonio D. GAY, Appellant.
No. 41,609-KA.
Court of Appeal of Louisiana, Second Circuit.
December 13, 2006.
*221 Louisiana Appellate Project by Mary Constance Hanes, for Appellant.
Paul J. Carmouche, District Attorney, J. Dhu Thompson, Catherine M. Estopinal, Assistant District Attorneys, for Appellee.
Before WILLIAMS, CARAWAY & SEXTON (Pro Tempore), JJ.
SEXTON, J.
Defendant, Antonio D. Gay, seeks review of his sentence for simple robbery under La. R.S. 14:65. The court imposed a five-year hard labor sentence, suspending all but two years, and placing Defendant on two years' active supervised probation with special conditions. Defendant appeals his sentence as unconstitutionally excessive. We affirm.

FACTS
The trial testimony of the 12-year-old victim established that the victim was riding a bicycle in the alley of a Cedar Grove neighborhood on May 24, 2005, when Defendant, who was well known to the victim, approached him from behind. Defendant put a gun to the victim's side and demanded that he get off the bicycle. He also choked the victim by putting one arm across his throat. After he took $2 and some change from the victim's pants pocket, Defendant rode the bike through the alley and threw it over his gate. The victim ran to tell his neighbor, who actually owned the bike, and the robbery was reported to the police. The victim positively identified Defendant as the perpetrator. The bicycle, which was later returned, had been stripped of its tires. At the trial's conclusion, the trial court found Defendant guilty of the responsive verdict of simple robbery.
At sentencing, the trial court stated that it was taking into account Defendant's age (17 years old) and his lack of prior criminal history, both factors advanced by defense counsel in mitigation. It noted that it had reviewed the sentencing guidelines in La. C. Cr. P. art. 894.1, including the gravity of offense and the impact on the victim. The trial court expressed its belief that Defendant would benefit from incarceration and the subsequent period of probation. It concluded that a lesser sentence would deprecate the seriousness of Defendant's crime. The trial court imposed a sentence of five years at hard labor. All but two years of the sentence were suspended, and Defendant was placed on two years' active supervised probation with special conditions. He was given credit for time served. Defendant's timely filed motion for reconsideration of sentence was denied.
Defendant now appeals his sentence as constitutionally excessive. Defendant argues that the trial court should have made a more thorough investigation into his background. Defendant also notes that the trial court failed to consider whether he has ever been given an opportunity to reform.

DISCUSSION
The reviewing court employs a two-prong test in determining the excessiveness *222 of a sentence. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57 and 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are Defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La. App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728. In the case sub judice, the record reflects that the trial court took these factors into consideration in sentencing Defendant. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
On this record, we do not find that Defendant's sentence is constitutionally excessive. Defendant's mid-range and partially suspended sentence for this offense is lawful and is neither grossly disproportionate to the severity of the offense of conviction, nor is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence.

CONCLUSION
For the foregoing reasons, the sentence of Defendant, Antonio D. Gay, is affirmed.
AFFIRMED.