DREW, J.
11 Alan Case pled guilty to armed robbery and was sentenced to 40 years at hard labor, plus an additional five years at hard labor for using a firearm during the crime. He appeals his sentence. We affirm.
On January 30, 2003, around 2:00 a.m., Case, armed with a stolen rifle, entered an Exxon station in Monroe. He demanded money from the cashier, and fled with cash amounting to more than $500. The entire crime was recorded on surveillance video.
Case was 20 years old and unemployed at the time of the crime. He told police he committed the robbery to obtain money to pay his rent. He had a juvenile record in Mississippi, with an unsuccessful term of probation, but he did graduate from high school. Case served in the United States Army, but was apparently discharged when his juvenile record was discovered.
Case had previously been arrested, as an adult, for two separate incidents involving either threatened or actual arson at Louisiana churches:
• On September 8, 1999, he was charged with one count of extortion for communicating a threat to burn down the Bosco Baptist Church unless he was given money; and
• On April 24, 2000, Case was charged with simple arson of a religious building after he set a fire at the Union Baptist Missionary Church in Bosco, Louisiana.
Case pled guilty to simple arson and extortion in June 2001 and was sentenced to serve five years at hard labor on each count, concurrently, with all but one year suspended, and with four years of supervised probation. The defendant served his prison time at the Beauregard Boot Camp. | ^Because of this armed robbery conviction, his probation on the previous charges has been revoked.
In May 2003, the state also charged Case with other crimes: two counts of simple arson and two counts of simple burglary. These charges were unrelated to this robbery.
In exchange for certain concessions from the state, Case pled guilty to the armed robbery with a firearm charge. Although there was no agreement on a sentencing cap, the state did pledge that if Case pled guilty it would:
(1) not charge him as an habitual offender,
(2) not prosecute him on any other charges arising from this offense, and
(3) drop the burglary and arson charges.
At sentencing on June 29, 2006, the trial court reviewed the foregoing facts and considered them in light of La. C. Cr. P. art. 894.1, finding that a sentence of imprisonment was appropriate under these sections:
• (A)(1) (undue risk of commission of another crime if sentence was suspended),
• (A)(2) (need for correctional treatment), and
• (A)(3) (lesser sentence would deprecate the seriousness of the crime).
The court then applied these sections of La. C. Cr. P. art. 894.1:
• (B)(1) (deliberate cruelty to the victim) based upon the defendant’s act of pointing the rifle at the clerk,
• (B)(3) (receipt of anything of value for the commission of the offense),
• (B)(5) (creation of risk of death or great bodily harm to more than one person),
• (B)(10) (use of a dangerous weapon),
Is* (B)(19) (use of a firearm in an offense with an element of the use of force), and
• (B)(21) (other relevant aggravating circumstances) including the defendant’s *920 status as a probationer, prior criminal record and the previously pending burglary/arson charges.
The court found no mitigating factors under La. C. Cr. P. art. 894.1(B). Specifically, the court found that the defendant had been given probation in the past but failed to complete those terms successfully. In assessing the 45-year sentence,[1] the trial court explicitly denied Case diminution of sentence for good behavior because this was a crime of violence, though the court did order that the sentences be served concurrently with the sentences Case was serving on his probation. Case has expressed remorse for the robbery.
On July 14, 2006, Case filed a written motion to reconsider sentence, urging that his sentence was constitutionally excessive. He also argued that the trial court did not adequately consider the mitigating circumstances, failed to adequately articulate reasons for the sentence, and failed to consider an alternative or less harsh sentence. In support of the motion, Case submitted a report from a psychologist who evaluated Case when he was an 18-year-old senior in high school. The report indicated that Case was of average intelligence but suffered from depression and had a history of family problems that underlay his acting out, oppositional, and antisocial behavior. The psychologist recommended counseling and evaluation for antidepressant medication. The court denied Case’s motion for | ¿reconsideration on August 9, 2006, and Case now appeals, arguing that the sentence imposed here:
1. Is excessive and disproportionate and needlessly imposes pain,
2. Fails to adequately consider mitigating circumstances in this matter,
3. Lacks sufficiently articulated reasons so as to supply a factual basis for the sentence imposed, and
4. Fails to adequately consider sentencing alternatives.
Our law on sentencing is well settled.[2]
Case argues that the trial court’s application of La. C. Cr. P. art. 894.1 was fraught with errors. First, he argues that *921 the court’s application of paragraph A was in error, because paragraph A relates to a trial court’s decision to impose a sentence of imprisonment, something that the trial | Bcourt correctly recognized was required by the statute of conviction. Probation or suspension of sentence was not an available option for Case’s sentence, so paragraph A was indeed of limited importance in this case.
Case next argues that the trial court’s findings of various factors under paragraph B were misplaced or inaccurate. Although the trial court’s findings on some of the factors are either thinly supported by the evidence or subsumed in the charge of armed robbery with a firearm, the record reflects that the trial court gave careful consideration to the seriousness of this offense and the potentially life-threatening consequences of the defendant’s crime. This type of offense, committed with a firearm in a public place, can easily escalate to an even more violent situation where the robbery victim or innocent bystanders may be injured or killed.
Most importantly, the trial court recognized that the defendant had received a significant benefit by the operation of his plea bargain that prevented the state from charging Case as an habitual offender or pursuing any other charges. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. The minimum sentence for armed robbery for a second felony habitual offender is 49½ years’ imprisonment at hard labor.[3] La. R.S. 15:529.1; La. |,,R.S. 14:64; State v. Smith, 40,894 (La.App.2d Cir.7/26/06), 936 So.2d 255, writ denied, 06-2113 (La.3/30/07), 953 So.2d 60. Case’s actual sentence was less than the lowest sentence he could have received, absent his plea bargain. Given the significant reduction in exposure achieved through his plea bargain and the fact that the defendant was on probation for the commission of two prior felonies at the time he committed the instant offense, we do not find that the trial court committed reversible error in sentencing Case to serve a mid-range 45 years at hard labor for this inexcusable crime.
DECREE
The defendant’s conviction and sentence are AFFIRMED.

. Case was sentenced to 40 years under La. R.S.14:64, and five years under La. R.S.14:64.3, for a total of 45 years, all to be served at hard labor, without benefit of probation, parole, or suspension of sentence.

. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 2004-0834 (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, *921 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,-519 (La.App.2d Cir.4/2/97), 691 So.2d 864.

. Without considering the additional exposure from La. R.S. 14:64.3.