996 So.2d 383 (2008)
STATE of Louisiana, Appellee
v.
Darren Dewayne KING, Appellant.
No. 43,575-KA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
*384 Paula C. Marx, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, Charles A. Smith, Assistant District Attorney, for Appellee.
Before GASKINS, PEATROSS and DREW, JJ.
GASKINS, J.
The defendant, Darren Dewayne King, entered a plea of guilty to first degree robbery. He was sentenced to serve 20 years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant appealed, claiming that his sentence is excessive. For the following reasons, we affirm the conviction and sentence.

FACTS
On February 28, 2007, the defendant and Amanda Riggio went to the home of Michael Anthony Fleury in Bossier Parish. The defendant and Ms. Riggio were armed with a knife. Using the knife, they took money and bank cards from Mr. Fleury. After the defendant and Ms. Riggio left, Mr. Fleury called 911 and described their vehicle. Police stopped the vehicle and recovered money and receipts from the use of Mr. Fleury's bank cards. The defendant and Ms. Riggio were arrested.
The defendant was originally charged with armed robbery.[1] On October 11, 2007, the defendant withdrew his plea of not guilty to the charge of armed robbery and entered a plea of guilty to first degree robbery, a violation of La. R.S. 14:64.1. In exchange for the guilty plea, the prosecution dismissed the other charges and agreed not to charge the defendant as a multiple offender.
The defendant was advised of the range of penalties that might be imposed for first degree robbery and was informed that, by pleading guilty, he waived his right to a jury trial, his right of confrontation, and his right against compulsory self-incrimination. The defendant stated that he was not satisfied with the representation provided by his court-appointed attorney. However, he affirmed that he did wish to plead guilty to first degree robbery. The defendant stated that he understood that the court had not agreed to any set sentence in connection with the guilty plea, *385 and that, knowing that fact, he still wished to plead guilty.
On January 8, 2008, the defendant filed a pro se motion to set aside his plea of guilty. He argued that he wished to have a preliminary examination where he could cross-examine all witnesses and that he wanted his trial counsel recused. On January 15, 2008, prior to sentencing, the trial court denied the motion. The trial court reminded the defendant that, at the guilty plea, they had explored the defendant's dissatisfaction with his court-appointed counsel, but the defendant maintained that he still wished to plead guilty to first degree robbery.
The court sentenced the defendant to serve 20 years at hard labor, without benefit of parole, probation, or suspension of sentence. The defendant filed a motion to reconsider the sentence which was denied by the trial court. The defendant appealed his sentence as excessive.

LEGAL PRINCIPLES
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890, writ denied, XXXX-XXXX (La.3/28/08), 978 So.2d 297. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Haley, 38,258 (La.App. 2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La. App. 2d Cir.12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/02), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant had pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App. 2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App. 2d Cir.1/28/04), 865 So.2d 280, writ denied, XXXX-XXXX (La.9/24/04), 882 So.2d 1165.

DISCUSSION
The defendant contends that his 20-year hard labor sentence, without benefit *386 of parole, probation, or suspension of sentence, is excessive for a 45-year-old offender. He asserts that he has demonstrated his efforts for rehabilitation and reentry into society as a productive, contributing citizen. The defendant argues that he is remorseful for this offense and attempted to make restitution to Mr. Fleury. The defendant contends that he was under the influence of cocaine when he committed this offense. He stated that he thought he was helping Ms. Riggio get away from an abusive boyfriend.
The defendant points out that he has successfully participated in drug and alcohol treatment sessions following this offense. He contends that he has the desire and ability to be rehabilitated. According to the defendant, incarceration for 20 years in this case will serve no useful purpose. He claims that treatment and rehabilitation during a shorter period of incarceration would "meet societal goals."
The trial court fully set forth the reasons for the sentence imposed. At his sentencing, the defendant stated that he was sorry for his actions and wanted to make restitution. The trial court noted that it had received a letter from a coordinator of an alcohol and chemical treatment series that the defendant had been attending while incarcerated. The defendant had perfect attendance, was a positive leader in the group, and had a sincere desire to change. The court noted that it considered the letter submitted on behalf of the defendant and reduced the sentence it had originally intended to impose by five years.
The defendant claimed to be certified as a welder and a cook. He stated that he had seven children by five different mothers. His children ranged in age from six to 25. The defendant admitted that he had been a cocaine addict for the past 17 years.
The court noted that the defendant was classified as a third felony offender although he had six felony convictions on his record. The 45-year-old defendant's criminal history dated back to 1982. He had convictions for criminal damage to property, sexual battery, bank fraud, forgery, and two instances of issuing worthless checks. In addition, he had been convicted of simple battery and criminal trespass. The court observed that the defendant had a history of having his probation revoked and was on probation when he committed the present offense.
The court also noted Mr. Fleury's statement that, during the commission of this offense, the defendant hit him in the back with a lamp and then stabbed him just above the hip on the left side. The court noted that the defendant and Ms. Riggio had $1,660 in $20 bills when apprehended, along with two ATM cards belonging to the victim and a receipt for the withdrawal of $800.
The court considered the guidelines set forth in La. C. Cr. P. art. 894.1 and determined that the defendant was in need of correctional treatment provided most effectively by commitment to an institution, that a lesser sentence would deprecate the seriousness of the offense, that the crime threatened serious harm, and there were no grounds to excuse or justify his conduct. The court observed that the defendant had a significant criminal history and that his criminal conduct was the result of circumstances likely to recur.
The penalty for first degree robbery is imprisonment at hard labor for not less than three years and for not more than 40 years, without benefit of parole, probation, or suspension of imposition or execution of sentence. La. R.S. 14:64.1. In this case, the sentence of 20 years is in the middle range. We find no error in the sentence *387 imposed on this violent third felony offender who derived a great benefit from his plea agreement. The defendant has an extensive criminal history including serious felony offenses. He has had numerous prior opportunities to rehabilitate himself and has failed to do so. The defendant has previously received probated sentences on several occasions and routinely violated his probation. He was on probation when the present offense occurred.
The trial court correctly considered the aggravating and mitigating factors in this case in imposing sentence and did not err in finding that the defendant is in need of correctional treatment in a custodial environment.
The sentence imposed is not out of proportion to the seriousness of the offense and is not a purposeless and needless infliction of pain and suffering. The sentence does not shock the sense of justice and is appropriately tailored to the offender and the offense.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Darren Dewayne King, for first degree robbery.
AFFIRMED.
NOTES
[1] Under separate docket numbers, the defendant was also charged with possession of drug paraphernalia, possession of Xanax, and unauthorized use of an access card.