DREW, J.
 

 11Anthony Tellis was charged with Attempted Second Degree Murder after shooting his cousin, Patrick Tillman, in the chest and abdomen. He was allowed to plead guilty to Aggravated Second Degree Battery (La. R.S. 14:34.7) pursuant to a plea agreement involving the reduction of the charge, and the dismissal of other pending charges.
 

 The trial court imposed a sentence of 13 years at hard labor, after a thorough review of the sentencing guidelines contained in La. C. Cr. P. art. 894.1. The trial court focused on the facts of the offense:
 

 • the firing of a weapon at close range, thus exhibiting deliberate cruelty;
 

 • the use of a dangerous weapon;
 

 • the significant permanent injury to the victim; and
 

 • the substantial reduction in sentencing exposure resulting from the reduced charge.
 
 [1]
 

 The court noted in mitigation the defendant’s religious education efforts in prison and the defendant’s remorse for the offense.
 

 A motion for reconsideration of sentence was filed which urged only exces-siveness, and we review only for constitutional excessiveness. The law relative to this
 
 review
 
 is well settled.
 
 [2]
 

 120ur examination of the record shows that the trial court adequately con
 
 *989
 
 sidered and articulated the sentencing factors which led to the sentence imposed. Considering the substantial reduction in sentencing exposure alone, the sentence imposed is in no way shocking to the conscience, nor is it constitutionally excessive. We affirm in all respects.
 

 DECREE
 

 The defendant’s conviction and sentence are AFFIRMED.
 

 [1]
 

 . The trial court noted that the evidence would have supported a conviction for the crime of original arrest,
 
 i.e.,
 
 attempted second degree murder.
 

 [2]
 

 . The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal
 
 *989
 
 of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La. App.2d Cir. 1/28/04), 865 So.2d 284,
 
 writs denied,
 
 2004-0834 (La.3/11/05), 896 So.2d 57, and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir. 12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dor-they,
 
 623 So.2d 1276 (La. 1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379.