WILLIAMS, J.
liThe defendant, Jerbo Lewis, was charged with distribution of a Schedule II controlled dangerous substance (CDS), cocaine, possession with intent to distribute a Schedule II CDS, cocaine, and possession of cocaine (LSA-R.S.40:967); possession of a firearm by a convicted felon (LSA-R.S.14:95.1); and possession with intent to distribute a Schedule I CDS, marijuana (LSA-R.S.40:966). Pursuant to a plea agreement, the defendant pled guilty as charged and the state agreed not to file an habitual offender bill of information. The defendant was sentenced to 10 years’ imprisonment for each offense of conviction, with the sentence for the distribution of cocaine conviction to run consecutively to the concurrent sentences imposed for the other four counts. The district court denied defendant’s motion to reconsider sentence. The defendant appeals. For the following reasons, we affirm the defendant’s convictions and sentences.
FACTS
In September 2006, DeSoto Parish sheriffs deputies executed a search warrant at the residence of defendant, who was found in possession of both cocaine and marijuana. During this same encounter, the offi *293 cers discovered that the defendant was in possession of a firearm and that he had previously been convicted of a felony. On January 22, 2007, at the same residence, the defendant sold crack cocaine to undercover police officers.
Subsequently, under a single docket number, the defendant was charged with one count of possession with intent to distribute cocaine; possession of more than 28 grams, but less than 200 grams, of cocaine; possession of a firearm as a convicted felon; and possession with intent to ^distribute marijuana. Under another docket number, defendant was charged with distribution of cocaine. As a result of a plea agreement, defendant pled guilty as charged, the sentence for distribution of cocaine would run consecutively to the concurrent sentences for the other counts and the state agreed not to file a multiple offender bill.
After a hearing, the district court sentenced the defendant to serve 10 years’ imprisonment at hard labor on each of the counts, with the 10-year sentence for cocaine distribution to run consecutive to the concurrent 10-year sentences for the other four offenses. The defendant’s motion to reconsider sentence was denied by the trial court and this appeal followed.
DISCUSSION
In two assignments of error, the defendant contends the district court erred in imposing an excessive sentence. Defendant argues that the court failed to articulate sufficient reasons to support the 20-year total of the consecutive sentences imposed, considering the defendant’s age and background.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of | athe factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982).
The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166.
The sentencing range for conviction of distribution of cocaine or possession with intent to distribute cocaine is imprisonment for not less than 2 years nor more *294 than 30 years at hard labor. LSA-R.S. 40:967. The range for conviction as a felon in possession of a firearm is imprisonment at hard labor for not less than 10 years nor more than 15 years without benefits. 14LSA-R.S. 14:95.1. The sentencing range for conviction of possession of 28 or more grams, but less than 200 grams, of cocaine (LSA-R.S.40:967) or possession with intent to distribute marijuana (LSA-R.S.40.-966) is imprisonment for not less than 5 years nor more than 30 years at hard labor.
Prior to imposing sentence, the district court reviewed a presentence investigation report and recited the defendant’s criminal history, which included previous convictions of drug possession, aggravated assault and assault by drive-by shooting. The court noted that the defendant was on parole when he was arrested for the present offenses of possession of cocaine and marijuana.
Regarding the defendant’s personal history, the court mentioned that the defendant had dropped out of school in the eighth grade, that he had obtained his GED while incarcerated and that he was the father of three daughters. The court was aware of defendant’s age, recent employment and his admitted use of illegal drugs. Noting that defendant had previously committed crimes of violence, had illegally possessed a weapon in this case, and had been involved in the sale of drugs, the court concluded that the defendant was “a danger and a menace to a peaceful society.”
At the sentencing hearing, the defense counsel introduced into evidence the court minutes from the sentencing of three other individuals who were convicted in the same parish and requested a commensurate sentence for the defendant. In response, the state argued that the defendant had received a substantial benefit from the plea agreement and requested that the court impose the maximum sentence.
|fiThe record demonstrates that the district court was cognizant of and considered the appropriate factors in determining the defendant’s sentence. The court provided adequate reasons for imposition of these consecutive sentences, which are within the sentencing range for the offenses of conviction. The sentences imposed are neither grossly disproportionate to the seriousness of the offenses committed nor shocking to the sense of justice. There is no showing that the district court abused its discretion in sentencing this defendant. Thus, we cannot say the sentences imposed are constitutionally excessive. The assignments of error lack merit.
We have examined the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the defendant’s convictions and sentences are affirmed.
AFFIRMED.
BROWN, C.J., concurs with written reasons.
DREW, J., concurs.