8 So.3d 819 (2009)
STATE of Louisiana, Appellee
v.
Carl TOMLINSON, Jr., Appellant.
No. 44,078-KA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 2009.
*820 Louisiana Appellate Project, by James E. Beal, Jonesboro, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, John W. Montgomery, Sherburne Sentell, III, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS, MOORE, JJ.
MOORE, J.
The defendant was charged by bill of information with two counts of simple burglary. In exchange for pleading guilty as charged, the state agreed that the court would order a presentence investigation report before sentencing and that any sentences imposed by the court for the offenses would be run concurrently with each other. The state also agreed to dismiss a pending criminal damage to property charge and not to institute prosecution against the defendant for a theft associated with the instant offenses. After entering the guilty plea, the defendant was sentenced to four years of imprisonment at hard labor for each count. The sentences were to be served concurrently with credit for any time served in custody prior to the imposition of sentence. The defendant filed the instant appeal alleging that his sentence is excessive. We affirm.

Facts
The record shows that on December 10, 2007, the defendant committed simple burglary of a Cato store (count one) and a Game Stop electronics store (count two), both in Webster Parish. The defendant was questioned, informed of his rights pursuant to Miranda v. Arizona, 384 U.S. *821 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and confessed in a videotape to committing the burglaries. The defendant admitted that he had cut off the electricity to the buildings of both businesses in order to disable their alarms before forcibly entering the buildings. There were also items recovered in Bossier City that linked the defendant to the instant burglaries.

Discussion
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App. 2 Cir. 1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2 Cir. 4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
Prior to imposing the sentences in this case, the court discussed several factors that were listed in the presentence investigation report. The court stated that the defendant was a multiple-felony offender who had been previously convicted in the State of Oregon for felony drug and burglary charges. The court recognized that the defendant was on parole from the State of Oregon when he committed the instant offenses and that he had an active arrest warrant from Oregon. The court also considered the defendant's age, education, and employment history.
With respect to the sentencing factors of La. C. Cr. P. art. 894.1, the trial court reviewed the defendant's criminal history and determined, as aggravating factors, that the imposition of a lesser sentence would deprecate the seriousness of the *822 instant crimes, that there was no excuse or justification for the defendant's criminal conduct, that the defendant was likely to commit criminal conduct in the future, and that the defendant would not respond affirmatively to probationary treatment. In mitigation, the court considered the fact that the defendant came forward and admitted his involvement in the crimes.
The court subsequently imposed hard labor sentences of four years for count one and count two, and ordered that the sentences be served concurrently. The court advised the defendant that he had thirty days to appeal the sentences and two years from the date the convictions and sentences become final to apply for post-conviction relief.
The crime of simple burglary, a violation of La. R.S. 14:62, carries the penalty of a fine of not more than $2,000, imprisonment, with or without hard labor, for a period of not more than 12 years, or both a fine and imprisonment. Based on the record, we find no constitutional error with the court's sentence of 4 years at hard labor for each count of simple burglary. The defendant is a multiple-felony offender, who has been convicted of felony drug and burglary charges in the State of Oregon, and he was on parole when he committed the instant offenses. This less-than-mid-range sentence is neither grossly disproportionate to the severity of the offenses nor shocking to our sense of justice.
For the foregoing reasons, the defendant's convictions and sentences are affirmed.
AFFIRMED.
BROWN, Chief Judge, concurs with written reasons.
BROWN, Chief Judge, concurring.
Defendant agreed to plead guilty to two counts of simple burglary with concurrent sentences. Thus, his sentencing exposure was reduced by one half or "capped" at 12 years.
La. C. Cr. P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. This provision applies both to agreed upon sentences and agreed upon "ceilings," "ranges," or "caps." State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Burford, 39,801 (La.App. 2d 06/29/05), 907 So.2d 873; State v. Rice, 26,478 (La. App. 2d Cir.12/07/94), 648 So.2d 426, writ denied, 95-0431 (La.06/16/95), 655 So.2d 340.