GASKINS, J.
|, The defendant, Darry Ray Elmore, appeals as excessive his sentence to 32 years at hard labor following his plea of guilty to manslaughter. For the following reasons, we affirm the defendant’s conviction and sentence.
FACTS
On March 17, 2010, the defendant went to a skating rink with a group of people including the victim, Emanuel Neal. The defendant became involved in an argument concerning a female and a fight broke out. The defendant and several others left the skating rink and went to a parking lot located at a housing unit. Another argument erupted between the defendant and the victim. The defendant had a knife and threatened to stab Mr. Neal if he got close. The victim approached and then backed away. The confrontation continued and Mr. Neal again approached the defendant, was threatened by the defendant, and again backed away. The defendant told Mr. Neal that if he stepped up on the sidewalk where the defendant was standing, he was going to stab him. Mr. Neal stepped up onto the sidewalk; the defendant stabbed the victim numerous times and then ran away. The victim ran away as well, but collapsed on the patio of one of the housing units. He was taken to a hospital where he died the next day.
The autopsy report showed that the 33-year-old victim was stabbed seven times. The most severe injury was a stab wound to the neck that damaged multiple veins and the left carotid artery. This wound was 4.5 inches in length. According to the autopsy report, the depth of the wound was difficult to assess, but tool marks were noted on the cervical vertebral bodies in the bed of the wound.
| ¡(Witnesses told police that the defendant stabbed Mr. Neal. The police eventually located the defendant at an apartment in the area of the offense. The defendant attempted to flee, but was apprehended and arrested. The defendant admitted stabbing Mr. Neal.
The defendant was indicted for the second degree murder of Mr. Neal. In February 2011, the defendant entered into a plea agreement whereby he was allowed to enter a plea of guilty to the reduced charge of manslaughter. There was no agreement as to the sentence the defendant would receive. The trial court determined that the defendant was competent to enter a plea of guilty and informed him of the rights waived by a plea of guilty under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The defendant was advised that the maximum sentence for manslaughter was 40 years at hard labor. The trial court accepted the defendant’s plea of guilty to manslaughter and ordered a presentence investigation (PSI) report prior to sentencing.
The defendant appeared before the court in April 2011, and was sentenced to *733 serve 32 years at hard labor. The defendant filed a motion to reconsider the sentence, arguing that the sentence was excessive because he was provoked by the victim. The trial court denied the motion to reconsider the sentence. The defendant appealed.
EXCESSIVE SENTENCE
The defendant argues on appeal that the sentence imposed is excessive. This argument is without merit.
|oLegal Principles
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Key, 46,119 (La.App.2d Cir.3/2/11), 58 So.3d 578, writ denied, 2011-0594 (La.10/7/11), 71 So.3d 310. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Landos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Key, supra. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
On the second prong of the excessiveness test, the court must determine whether a sentence violates La. Const. Art. I, § 20. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless |4infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792, State v. Key, supra. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Key, supra.
Absent a showing of manifest abuse of the trial court’s sentencing discretion, this court may not set aside a sentence as excessive. State v. Guzman, 1999-1528, 1999-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280, writ denied, 2004-0597 (La.9/24/04), 882 So.2d 1165.
*734 | ¿The offense of manslaughter is defined in La. R.S. 14:31, which provides in pertinent part:
A. Manslaughter is:
1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed....
The statute also provides that, under the facts present in this case, whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years.
Discussion
At the sentencing hearing, the trial court stated that it reviewed the defendant’s PSI report as well as a detailed filing made on behalf of the defendant. The sentencing court considered the defendant’s summary of facts as well as the defendant’s criminal history. The court stated that it charged itself with the relevant provisions of La. C. Cr. P. art. 894.1. The court outlined the facts of the offense.
According to the PSI report, the present offense was the defendant’s second felony conviction. In March 1998, he pled guilty to possession of cocaine and received a three-year hard labor sentence which was suspended. The defendant was placed on probation for three years and successfully completed his probation.
IfiThe sentencing court noted that the defendant had six misdemeanor convictions. In 1996, he was convicted of disturbing the peace by intoxication. In 1997, he was charged with simple battery and aggravated assault with a firearm and pled guilty to the reduced charge of disturbing the peace. Also in 1997, the defendant pled guilty to resisting an officer by flight. In 2001, the defendant was charged with domestic abuse battery and pled guilty to the reduced charge of disturbing the peace by fighting. In 2005, the defendant pled guilty to aggravated assault. The defendant pled guilty again in 2005 to disturbing the peace.
The sentencing court considered the defendant’s social history, including the fact that he was raised primarily by his mother and an aunt, that he dropped out of school in the ninth grade, and that he had a limited history of employment. The court noted that the defendant has six children ranging in ages from 12 to three years old. He does not pay child support.
The sentencing court considered correspondence submitted on behalf of the defendant as well as the defendant’s request for forgiveness from the family and friends of the victim. The court reviewed information in the PSI report concerning interviews with the victim’s parents stating that the victim had been trying to help the defendant find employment, but that the defendant’s criminal history was making that task difficult. The victim’s parents asked that the defendant receive the maximum sentence possible.
The sentencing court found that there was an undue risk that the defendant would commit another crime if given a suspended sentence or probation, that the defendant is in need of correctional treatment or ^custodial environment that can most effectively be provided by his commitment to an institution, and that a lesser sentence would deprecate the seriousness of the defendant’s crime. The sentencing court stated that it found that no aggrava *735 ting or mitigating circumstances applied in this case. In light of all the factors considered, the defendant was sentenced to serve 32 years at hard labor.
The defendant argues that the sentencing court failed to consider that he acted out of fear. Nothing in the record indicates that the victim was armed or threatened the defendant in any way. The defendant was the armed aggressor who brutally attacked and killed the victim. The record shows that the sentencing court adequately considered the criteria set forth in La. C. Cr. P. art. 894.1 in imposing sentence.
The sentence is not constitutionally excessive. It is not grossly out of proportion to the seriousness of the offense and does not shock the sense of justice. The defendant, originally charged with second degree murder, received a significant reduction in potential exposure to incarceration by being allowed to plead guilty to manslaughter. The present offense involved violence which resulted in the death of the victim and the defendant had a criminal history involving violence. The sentence imposed was significantly less than the maximum which could have been imposed for this offense. After reviewing all the factors in this case, the trial court acted within its discretion in sentencing the defendant to serve 32 years at hard labor.
^CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Darry Ray Elmore, for manslaughter.
AFFIRMED.