GARRETT, J.
| |The defendant, Patrick Price Williams, pled guilty to nine counts of molestation of juveniles. He was sentenced to serve 15 years at hard labor on each of counts one through six and 20 years at hard labor on each of counts seven through nine. The sentences were ordered to be served consecutively. The sentences imposed totaled 150 years at hard labor. The defendant now appeals the sentences. For the following reasons, we affirm the convictions and sentences.
FACTS
Williams was charged with molestation of nine juvenile males. The offenses began in 1988, when Williams was 20-21 years old and continued until 2012, when one of the victims alerted authorities to the offenses. Williams was a volunteer firefighter, helped with his father’s lawn service, was married, and attended church. Williams and his wife had a special needs child and also provided foster care for three brothers. One of the foster children reported the abuse to the pastor at the church he attended with the Williams family. An investigation was conducted which revealed a longstanding pattern of abuse of boys between the ages of 11 and 17. Some of the children were related to Williams, some worked in the lawn service, some were volunteer firefighters, and some were foster children in the Williams home. Williams admitted the behavior to law enforcement officers.
Williams was arrested and charged with nine counts of molestation of a juvenile, violations of La. R.S. 14:81.2. On December 18, 2012, Williams pled guilty as charged to counts one through five and counts seven through 12nine. Regarding count six, the defendant entered a plea under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).[1] Williams was fully informed of the rights waived by entering the guilty pleas. He fully acknowledged that no promises or representations had been made to him regarding the sentences that could be imposed. He was also advised that, at the time counts one through six were committed, the penalty for molestation of a juvenile under La. R.S. 14:81.2, when the offender had control or supervision over the juvenile, was a fine of not more than $10,000, or imprisonment, with or without hard labor, for not less than one nor more than 15 years, or both. When counts seven through nine were committed, the penalty for this offense, when the offender had control or supervision over the juvenile, was a fine of not more than $10,000 or imprisonment, with or without hard labor, for not less then five nor more than 20 years, or both. Williams was informed of *526 the requirements under La. R.S. 15:543 to register as a sex offender. The trial court accepted the guilty pleas and the Alford plea made by Williams. Prior to sentencing, the trial court undertook a complete review of the record which contained all of the discovery, police reports, and the defendant’s confession, all of which cata-logued in great detail the horrific acts committed by the defendant over a lengthy period of time.
Williams appeared before the trial court for sentencing on December 19, 2012. The trial court recited for the record extensive reasons | ¡¡for the sentences to be imposed. The trial court sentenced the defendant to the maximum period of incarceration for each offense, with the sentences to run consecutively.
Williams timely filed a motion to reconsider the sentences, claiming the sentences were excessive. The motion was denied by the trial court in a written opinion. The trial court stated that, because Williams has continuously molested teenage boys for almost a quarter of a century, it is reasonable to believe that, if he were ever released, he would molest and continue to offend. The trial court found that Williams should never be released from custody. The trial court concluded that the circumstances warranted absolute maximum sentences on each of the nine counts of molestation, to be served consecutively.
EXCESSIVE SENTENCE
The defendant appealed, contending that the trial court erred in imposing sentences of 15 years at hard labor on each of counts one through six and 20 years at hard labor on each of counts seven through nine. According to Williams, the consecutive nature of the sentences resulted in a total of 150 years at hard labor. He argues that the sentences are unconstitutionally harsh and excessive and constitute nothing more than a needless imposition of pain and suffering. Under the circumstances of this case, these arguments are without merit.
Legal Principles
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show |4that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Elmore, 46,833 (La.App.2d Cir.12/14/11), 80 So.3d 731, writ denied, 2012-0006 (La.4/27/12), 86 So.3d 627. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. Elmore, supra.
Second, a sentence violates La. Const, art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Elmore, supra. A sentence is considered grossly disproportionate if, when the crime and *527 punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Elmore, supra.
| ⅞As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. McKinney, 48,061 (La.App.2d Cir.2/13/08), 976 So.2d 802. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,289 (La.App.2d Cir.4/30/08), 981 So.2d 792. The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra.
La. R.S. 14:81.2 provides in pertinent part:
A. (1) Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile’s age shall not be a defense.
As discussed above, La. R.S. 14:81.2(B)(2) currently provides:
Whoever commits the crime of molestation of a juvenile, when the victim is thirteen years of age or older but has not yet attained the age of seventeen, and when the offender has control or supervision over the juvenile, shall be fined not more than ten thousand dollars, or imprisoned, with or without hard 16labor, for not less than five nor more than twenty years, or both. The defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with Code of Criminal Procedure Article 893.
Further, as set forth above, at the time counts one through six were committed, the penalty for this offense, when the offender had control or supervision over the juvenile, was a fine of not more than $10,000, or imprisonment, with or without hard labor, for not less than one nor more than 15 years, or both.
La. C. Cr. P. art. 883 provides in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently^]
Discussion
Prior to imposing the sentences, the trial court allowed the state and the defense to offer arguments regarding sentencing. The state outlined the facts of each of *528 fense. On count one, Williams was charged with molesting J.E.H. from 1988 to 1990, beginning when the victim was 13 years old.[2] The victim was related to the defendant and would sometimes stay at the Williams residence. Williams furnished alcohol, cigarettes, and pornography to the victim and eventually engaged in masturbation, oral sex, and anal sex with him more than 100 times.
On count two, Williams was charged with molesting H.N.H. from 1995-1997. This victim was 13 years old when the molestation began. The |7victim did lawn work with Williams. Williams touched the victim and engaged in oral sex with him. He also photographed the victim while he was showering and posted the photograph online.
On count three, Williams was charged with molestation of M.J.S. from 1996-1997, when the victim was 15 or 16 years old. The victim did lawn work with Williams. The victim engaged in three-way sexual acts with Williams and the defendant’s wife as well as having oral and vaginal sex with Mrs. Williams.
On count four, Williams was charged with molestation of C.T.G. between 1996 and 1999, beginning when the victim was 11 years old. C.T.G. was a family friend and sometimes spent the night at the Williams home. C.T.G. found a pornographic magazine in the bathroom. The defendant caught the victim looking at the magazine. This led to talk about sex which progressed to Williams fondling and engaging in oral sex with the victim. Over a period of several years, the defendant molested the victim 50 to 100 times. The victim was allowed to view pornography and had oral and vaginal sex with Mrs. Williams.
On count five, Williams was charged with having oral sex with D.S. in 1997, when the victim was 16 years old. D.S. did yard work with Williams. The victim also had sex with Mrs. Williams. The victim said that this abusive encounter with Williams and his wife happened only one time.
On count six, Williams was charged with touching the penis of S.B. in 2000, when the victim was 15 years old. This incident occurred while Williams and the victim were working as volunteer firefighters.
|sOn count seven, Williams was charged with molesting D.C. by having oral and anal sex with the victim in 2008-2011, beginning when the victim was 12 years old. Williams also masturbated in front of the victim, who was a foster child in the Williams home.
On count eight, Williams was charged with molesting J.D.C. in 2012 when the victim was 15 or 16 years old. The victim was a foster child in the Williams home. Williams would go into the victim’s room in the morning and check to see if he had an erection. Williams asked the victim about sexual dreams. This would lead to masturbation, fondling, oral sex, and anal sex. Williams would shower with the victim and collect the victim’s sperm in a plastic container when he masturbated. Williams would then drink the fluid in front of the victim.
On count nine, Williams was charged with molesting J.C. in 2012, when the victim was 15 or 16 years old. This victim was also a foster child in the Williams home. J.C. told Williams about a sexual encounter he had with another minor. Williams took advantage of the situation and began masturbating and having oral sex with the victim and drinking the victim’s sperm.
*529 The state argued that the victims had been afraid to come forward. The state noted that some of the victims are now married with children. According to the state, some of the victims have undergone extensive counseling and others have gone down the path of drug and alcohol abuse in trying to deal with the offenses and to suppress and forget what occurred. The state asked for the maximum penalty on each count, to run |flconsecutively. The state argued that, due to the horrific nature of the offenses, sentencing the defendant to the maximum on each count, with the sentences to run consecutively, “only barely scrapes the surface of some sort of peace and closure in this case because what has been done to these individuals is horrible and inexcusable.”
The defendant’s attorney argued that Williams had taken responsibility for his actions and pled guilty in order to mitigate the harm to the victims. The defendant cooperated from the earliest stages of the investigation and maintained that he was responsible for his wife’s involvement in the offenses. Williams also gave information to law enforcement officers about others who were victimizing children. The defense attorney stated that Williams was sincerely remorseful for the offenses.
Williams addressed the court before sentencing. He said that he was truly sorry for the offenses and that his wife’s actions were a result of his influence.[3] He stated that the responsibility for the offenses was his alone. He pointed out the number of volunteer hours he had given to the community. Williams stated that he had been the victim of a similar offense when he was nine years old and expressed the hope that the victims in this case received the help that he did not receive. Williams told the court, “anything you can sentence me to is nothing compared to what I deserve after hearing what I’ve done to these young men and their families.”
[ inThe trial court complied with La. C. Cr. P. art. 894.1 in imposing the sentences in this case. As mitigating factors, the trial court considered that Williams and his wife have a special needs child. The trial court also noted the defendant’s statement of remorse, the fact that Williams was molested as a child, the defendant’s confession in this case, and the entry of guilty pleas. In spite of any mitigating factors, the trial court determined that Williams is a terrible sexual predator of children and “this pattern of outrageousness and the gross level of predatory conduct,” perpetrated over a quarter of a century, warranted a maximum sentence.
The trial court noted that Williams was 45 years old. His predatory behavior began in 1988 and had spanned almost 25 years. The defendant’s pattern of behavior was to gain the trust of young boys, begin asking intimate questions, and then move on to touching, oral sex, masturbation, anal sex, and sometimes, sex with the defendant’s wife. In some cases, Williams would join them, “making it a threesome.” On some occasions, vibrators and other items of equipment would be used along with pornographic material. The trial court agreed with a comment by the attorney for Mrs. Williams that the defendant “really bartered his wife’s sexual services in exchange for his gay sex to gratify his own desires.” The court noted that some of the victims were molested as many as 100 times. The trial court also observed that some of the victims have been haunt *530 ed for a significant period of time since these events.
The trial court considered the sentencing factors under La. C. Cr. P. art. 894.1 and found that there was an undue risk that, if the defendant |, Received any leniency, he would commit another crime. The trial court found that Williams was in need of correctional treatment in a custodial environment best provided by his commitment to the Department of Corrections. The trial court determined that lesser sentences than those imposed would deprecate the seriousness of the offenses. According to the trial court, the offenses involved extreme cruelty to children who were particularly vulnerable and incapable of resistance due to their youth and status in life.
The imposition of the maximum sentences in this case, with the sentences to be served consecutively, are not constitutionally excessive. Given the extensive length of time during which these offenses were committed, the large number of victims, the vulnerability of the juvenile victims, and the egregious, perverse, and depraved nature of the offenses committed, the defendant qualifies as a “worst offender” and his behavior qualifies as the “worst offenses.” The sentences are not grossly out of proportion to the seriousness of the offenses and do not shock the sense of justice. The offenses were not based on the same act or transaction, and did not constitute parts of a common scheme or plan. Therefore, the trial court acted properly in ordering that the sentences be served consecutively.
After reviewing all of the factors in this case, we find that the trial court acted within its discretion in sentencing Williams to serve 15 years at hard labor on each of counts one through six and 20 years at hard labor on |1geach of counts seven through nine, with the sentences to be served consecutively.
CONCLUSION
For the reasons set forth above, we affirm the convictions and sentences of the defendant, Patrick Price Williams.
AFFIRMED.

. An Alford plea contains a protestation of innocence when a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt. North Carolina v. Alford, supra.

. The initials of the victims are used in accordance with La. R.S. 46:1844(W).

. According to the record, it appears that the defendant’s wife pled guilty to unspecified charges and was also scheduled to be sentenced. The record is silent as to what charges were lodged against her and any actual sentence she may have received.