GARRETT, J.
I, The defendant, Kenyetta Denise Williams, pled guilty to attempted manslaughter and was sentenced to 20 years at hard labor. She appealed, arguing that her sentence is excessive. For the following reasons, we affirm the conviction and sentence.
FACTS
On December 18, 2008, Monroe Police were dispatched to a residence to investigate a homicide. The victim was identified as Marvin Alexis Aguilar Osario, a Honduran national living in the United States. The victim died from multiple stab wounds to the stomach and upper thighs. The appearance of the body indicated that the offense occurred several days before the police were notified.
Williams was identified as a suspect through her use of the victim’s cell phone. She was arrested on December 20, 2008. Williams was 16 years old at the time of the offense. , She had been living with relatives in Baton Rouge, but had been on her own for some time. The relatives were contacted and efforts were made to have them present during her questioning by police. However, the relatives refused to come to Monroe. Officers questioned Williams without an adult or guardian present. Williams was fully informed of her Miranda rights prior to questioning. Williams confessed to her involvement in the victim’s death.
Williams told police that she and another woman, Brittany Hicks, were engaged in prostitution with the victim. A dispute arose over payment for their services. Williams contended that the other woman stabbed the | ¿victim. They robbed the victim of his cell phone, handgun, and money prior to leaving the scene.
The defendant was indicted for second degree murder. Two motions to suppress the defendant’s statements were filed and both were denied by the trial court following hearings. A sanity commission was appointed and three psychiatrists examined the defendant. The trial court, in accordance with the unanimous opinions of the psychiatrists, found that Williams was not suffering from any mental disease or defect that rendered her incapable of distinguishing right from wrong, and that she had the capacity to understand the criminal proceedings against her and to assist in her defense.
Pursuant to a plea bargain agreement, on September 19, 2012, Williams pled guilty to the reduced charge of attempted manslaughter. During the Boykin colloquy, the defendant expressly acknowledged that she understood that she could receive the maximum sentence of 20 years at hard labor. She acknowledged that no representation or commitment as to sentencing had been made. After accepting the plea, the court ordered a presentence investigation (“PSI”).
On February 6, 2013, the defendant was sentenced to serve 20 years at hard labor with credit for time served. Williams made an oral motion to reconsider the sentence, claiming that the trial court failed to consider that the victim facilitated the crime by engaging in an act of carnal knowledge of a juvenile and soliciting a minor for prostitution. The trial court denied the motion.
*1253 |sEXCESSIVE SENTENCE
Williams contends that the trial court erred in denying her motion for reconsideration of sentence and in imposing an excessive sentence. She argues that the maximum sentence was not warranted because she is not a worst offender. Williams asserts that the only aggravating factor in this case was the victim’s loss of life. As mitigating factors, she points out that, at the time of the offense, she was a homeless teenager supporting herself through prostitution and that she has attempted to better herself while incarcerated. These arguments are without merit.
Legal Principles
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Elmore, 46,833 (La.App.2d Cir.12/14/11), 80 So.3d 731, writ denied, 2012-0006 (La.4/27/12), 86 So.3d 627. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. Elmore, supra.
Second, a sentence violates La. Const, art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Elmore, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Elmore, supra.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802. The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7. |sOn review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra.
Regarding manslaughter, La. R.S. 14:31 provides that the maximum sentence which may be imposed is 40 years at hard labor. *1254 Under La. R.S. 14:27(D)(3), the maximum sentence for attempted manslaughter is 20 years at hard labor.
Discussion
The trial court complied with La. C. Cr. P. art. 894.1 in imposing the sentence in this case. The court ordered a PSI and determined that a sentence of imprisonment was appropriate in this case because there was an undue risk that Williams would commit another crime during a suspended sentence or probation, she was in need of correctional treatment most effectively provided by commitment to an institution, and a lesser sentence would deprecate the seriousness of the offense. The trial court found that Williams committed this offense to facilitate the robbery of the victim and that a dangerous weapon, a knife, was used.
As mitigating factors, the trial court considered the defendant’s age, lack of criminal history, social background, and efforts at self-improvement. The court noted that Williams has had a difficult life. She had no history of prior criminal activity. Williams was born in Baton Rouge on October 20, 1992, and her mother died of complications from AIDS when Williams was five years old. Williams never met her father, but he died in 2008. Williams was raised by an uncle until 2004, when she went to live with anj^aunt. In 2006, Williams was expelled' from school for fighting. At age 13, a social worker placed Williams in a youth house in West Monroe. Williams ran away five months later and was homeless until her arrest for the present offense. The trial court noted that Williams took the GED test while incarcerated, but could not pass the math portion of the examination. Williams had never been married and had no children, but she had a miscarriage when she was 15. Williams denied abusing drugs, but admitted to recreational use of marijuana and ecstasy as well as consuming an occasional strawberry daiquiri. In 2005, Williams was treated at Baton Rouge Mental Health for anger management and depression.
Williams was interviewed by a probation officer on October 31, 2012, in connection with the PSI. Williams expressed remorse for this offense. She claimed that she did not know that the victim had been killed until she was arrested. She maintained that she was in another room talking on the victim’s cell phone when her accomplice stabbed the victim. Williams admitted stripping the victim of his pants and stealing his money while he fought with the accomplice. The trial court considered a mental health evaluation of Williams made in 2009. This evaluation contained information about drug use contradictory to what Williams told the probation officer. The trial court considered the efforts Williams made to better herself while incarcerated as well as letters from the prison chaplain and the defendant.
As an aggravating factor, the court considered that a human being lost his life in a planned robbery and vicious murder. The trial court considered |7that Williams was originally charged with second degree murder which carries a mandatory sentence of life in prison. Williams was afforded great leniency by being allowed to plead guilty to attempted manslaughter, which significantly reduced her sentencing exposure.
The imposition of the maximum sentence of incarceration in this case is not constitutionally excessive. Williams participated in robbing the victim and was present in the residence when the victim was stabbed numerous times, resulting in his death. Williams was initially charged with second degree murder and faced a mandatory sentence of life in prison. She received a significant reduction in sentencing exposure by being allowed to plead *1255 guilty to attempted manslaughter. The sentence is not grossly disproportionate to the seriousness of the offense and does not shock the sense of justice. After reviewing the record and considering all of the factors is this case, we find that the court acted within its discretion in sentencing Williams to serve 20 years at hard labor.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Kenyetta Denise Williams.
AFFIRMED.