NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-36

STATE OF LOUISIANA

VERSUS

ARMONTA DQUON HADNOT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 11072-13
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell,
and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**John Foster DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**Fourteenth Judicial District Court**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Armonta Dquon Hadnot**

**EZELL, Judge.**

Defendant, Armonta Dquon Hadnot, was indicted on April 11, 2013, on three counts of first degree murder, violations of La.R.S. 14:30, three counts of attempted first degree murder, violations of La.R.S. 14:27 and 14:30, and six counts of armed robbery with a firearm, violations of La.R.S. 14:64 and 14:64.3. A jury trial commenced on June 30, 2014. The six armed robbery offenses were severed from the indictment by agreement of all the parties. On July 2, 2014, Defendant was found guilty of three counts of first degree murder and three counts of attempted first degree murder.

Defendant was sentenced on July 8, 2014, to three life terms on the convictions for first degree murder and three fifty-year terms for the attempted first degree murder convictions. All the sentences were ordered to be served consecutively and with credit for time served. Defendant did not object to the sentences following the hearing or file a motion to reconsider the sentences.

Defendant perfected a timely appeal, wherein he alleges that considering his youth, the three consecutive life sentences plus the three consecutive fifty-year sentences are constitutionally excessive.

For the following reasons, we find there is no merit to this claim of excessiveness.

## FACTS

On March 20, 2013, at approximately 10:00 p.m., Defendant and a co-defendant entered McMillan Park in Lake Charles, Louisiana, and approached six young men who were playing dice. Defendant was armed with a handgun. The two robbers demanded money. After the men produced some money, Defendant opened fire, killing one man as he knelt on the ground and two other men as they

fled, wounding one man, and firing at the two remaining men, who escaped unharmed. Defendant was eighteen years old at the time of the shooting.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is an error patent concerning Defendant's sentences; however, action is not required by this court under either of the two alternatives discussed below.

For each count of first degree murder, Defendant was sentenced to life imprisonment at hard labor "without benefit." On each of the counts of attempted first degree murder, Defendant received a maximum fifty-year hard labor sentence "without benefit." When clarifying "without benefit," it appears the court denied probation or suspension of sentence but not parole:

MR. KIMBALL:

And, Your Honor, I think just to make the record clear, that's without benefit of probation or suspension of sentence - -

THE COURT:

Yes, sir - -

MR. KIMBALL:

- - on each one of those?

THE COURT:

- - each one, on all six sentences.

Although the court minutes indicate that the judge ordered the sentences to be served without the benefit of parole, the transcript does not. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-

137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

In imposing the sentences, the trial judge correctly stated that the sentences were to be served without benefit of probation or suspension of sentence. However, the trial court failed to state that the sentences were to be served without benefit of parole. Both first degree murder and attempted first degree murder are to be served without benefit of parole, which is required by La.R.S. 14:27 and 14:30. Accordingly, the sentences imposed in this case are illegally lenient. However, because the issue was not raised, this court will not address it. *State v. Smith*, 10-830 (La.App. 3 Cir. 2/9/11), 58 So.3d 964, *writ denied*, 11-503 (La. 9/30/11), 71 So.3d 279.

## ASSIGNMENT OF ERROR

While technically not a juvenile offender in this case, Defendant argues that because he was only eighteen years old at the time of the killings, the sentences are excessive and constitute cruel and unusual punishment. He cites *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012), and argues that because of his youth, he is entitled to parole eligibility.

Defendant did not object to the sentences with specificity when they were imposed. Following the sentencing hearing, defense counsel stated: "And of course, Your Honor, we reserve our rights to appeal . . . the sentence of the court." Furthermore, Defendant did not file a subsequent motion for reconsideration of the sentences. Louisiana Code of Criminal Procedure Article 881.1, in pertinent part, provides:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court

3

may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.

. . . .

E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

However, this court has reviewed claims of excessiveness where no objection was made and no motion to reconsider sentence filed. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, __ U.S. __, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352; *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied*, 09-606 (La. 12/18/09), 23 So.3d 936; *State v. Quinn*, 09-1382 (La.App. 3 Cir. 5/12/10), 38 So.3d 1102, *writ denied*, 10-1355 (La. 1/7/11), 52 So.3d 885. Therefore, this court will review the sentences under a bare excessiveness claim. *See State v. Clark*, 06-508 (La.App. 3 Cir. 9/27/06), 940 So.2d 799, *writ denied*, 06-2857 (La. 9/21/07), 964 So.2d 324.

In brief, Defendant argues:

Thus, the trial court's sentence fails to take into account the mitigating qualities of youth and deliver an individualized and proportionate sentence as required by the United States and La. Constitutions. *Miller v. Alabama,* supra., has already mandated such a procedure and protection for juvenile offenders. The same safeguards against cruel and unusual punishment should apply to Armonta Hadnot who was eighteen at the time of this crime.

The Supreme Court stated in *Graham* that "[a] State is not required to guarantee eventual freedom," but must provide "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham v. Florida,* 560 U.S. 48, 78

(2010). *Miller* reaffirmed *Graham's* mandate for meaningful review. *Miller*, 132 S.Ct. at 2469.

The Louisiana Supreme Court summarized the Court's holding in *Miller* as follows: "…the Supreme Court specifically held 'the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders,' finding instead the sentencing court must first hold a hearing to consider mitigating factors, such as the defendant's youth, before imposing this severe penalty." *State v. Tate*, 2012-2763 (La. 11/05/13), 130 So.3d 829 (2013 La. LEXIS 2376, 8), *quoting Miller*, 132 S.Ct. at 2469.

In response to *Miller*, the Louisiana Legislature enacted La.Code Crim.P. art. 878.1(A), which provides:

In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).

Accordingly, no hearing was mandated in this case, and the record indicates that no such hearing was requested. At the sentencing hearing, the trial court heard a statement made by one of the deceased victim's family members. Following statements by defense counsel and the State, the trial court sentenced Defendant.

In *State v. Fletcher*, 49,303 (La.App. 2 Cir. 10/1/14), 149 So.3d 934, where the fifteen-year-old defendant shot both his mother and father to death with a shotgun, the trial court sentenced him to two life terms of imprisonment without the benefit of parole. The second circuit vacated the sentences and remanded pursuant to La.Code Crim.P. art. 878.1. The trial court conducted a hearing as required and then again sentenced the juvenile to two terms of life imprisonment without the benefit of parole. The second circuit affirmed the sentences. While discussing whether the sentences were excessive, the second circuit noted:

5

The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Williams*, 48,525 (La.App.2d Cir.11/20/13), 128 So.3d 1250. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So.2d 1049 (La.1981); *State v. Haley*, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, *writ denied*, 2004-2606 (La.6/24/05), 904 So.2d 728.

Second, a sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 2001-2574 (La.1/14/03), 839 So.2d 1; *State v. Haley, supra.* A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 2001-0467 (La.1/15/02), 805 So.2d 166. As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Williams*, *supra.*

*Id.* at 943-44.

The second circuit then reviewed the facts of that case and concluded that regardless of that fact that the defendant was a juvenile at the time of the offense, there was little likelihood of rehabilitation and that the seriousness of the crime dictated that the juvenile spend the rest of his life incarcerated. Regarding the *Miller* mandate, the second circuit noted that the United States Supreme Court stated in its opinion the following:

> We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders. Cf. *Graham* [*v. Florida*], 560 U.S. [48], at [75], 130 S.Ct. [ ], at 2030 [(2010)] ("A State is not required to guarantee eventual freedom," but must provide "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation"). By making youth (and all that accompanies it) irrelevant to imposition of that harshest prison sentence, such a scheme poses too great a

risk of disproportionate punishment. Because that holding is sufficient to decide these cases, we do not consider [defendants'] alternative argument that the Eighth Amendment requires a categorical bar on life without parole for juveniles, or at least for those 14 and younger. But given all we have said in *Roper* [*v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183 (2005)], *Graham,* and this decision about children's diminished culpability and heightened capacity for change, we think appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon. That is especially so because of the great difficulty we noted in *Roper* and *Graham* of distinguishing at this early age between "the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption." *Roper*, 543 U.S., at 573, 125 S.Ct. 1183; *Graham*, 560 U.S., at [67-70], 130 S.Ct., at 2026-2027. Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.

. . . .

*Graham, Roper*, and our individualized sentencing decisions make clear that a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles. By requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment.

*Miller*, ____ U.S. at ____ .

The trial judge who imposed the sentence was the same judge who presided over the pretrial hearings and trial. He heard all the testimony and observed all the witnesses. The trial court did not request a pre-sentence investigation report, and the record contains very little information regarding Defendant. However, where there is a constitutionally mandatory sentence, there is no need for the trial court to

justify a sentence it is legally required to impose under La.Code Crim.P. art. 894.1. *State v. Williams,* 445 So.2d 1264 (La.App. 3 Cir.), *writ denied*, 449 So.2d 1346 (La.1984); *State v. Dorthey*, 623 So.2d 1276 (La.1993).

The record does indicate that at the time of the offenses, Defendant was on probation for two drug offenses committed the year prior to the killings. The record further indicates that Defendant was implicated as the shooter in a drive-by shooting committed earlier in the day. One of the surviving victims testified at trial that he knew Defendant from high school, and that at one time had had a problem with him, but at the time of the shooting, there was nothing which would have provoked Defendant. The other two surviving victims did not know Defendant prior to the shooting. Defendant did not testify at trial, nor did he speak on his own behalf at the sentencing hearing.

As noted in *Fletcher,* 149 So.3d 934, there are times when even a juvenile may be subjected to life in prison without parole eligibility. Defendant in this case was not a juvenile, and he chose to take the lives of three young men with no apparent remorse for his actions. We cannot say that the trial court erred when it sentenced Defendant to the mandatory life imprisonment.

### DECREE

Defendant's convictions and sentences are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.