Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,311-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CARLOS DEWAYNE WADE                         Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 209,434

Honorable Erin Leigh Waddell Garrett, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Peggy J. Sullivan

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

ROSS STEWART OWEN
Assistant District Attorney

* * * * *

Before MOORE, PITMAN, and STEPHENS, JJ.

**STEPHENS, J.**

On August 28, 2001, the defendant, Carlos Dewayne Wade, was convicted of possession with intent to distribute a Schedule II CDS, in violation of La. R.S. 40:967(A)(1), and aggravated flight from an officer, in violation of La. R.S. 14:108.1(C). He was subsequently adjudicated a third-felony habitual offender in December 2001, and sentenced as a result of that proceeding. However, on May 28, 2019, Wade was resentenced under *State ex rel. Esteen v. State*, 2016-0949 (La. 1/30/18), 239 So. 3d 233, to 50 years' imprisonment with the benefit of parole, and no eligibility for probation or suspension of sentence. Wade now appeals his resentencing. For the following reasons, we affirm Wade's conviction, adjudication as a habitual offender, and sentence.

## FACTS

Following a jury trial, Wade was convicted of possession with intent to distribute a Schedule II CDS and aggravated flight from an officer. Thereafter, Wade was adjudicated a third-felony habitual offender based upon the instant conviction for possession with intent to distribute a Schedule II CDS, a prior conviction for armed robbery committed in 1994, and possession of a Schedule II CDS (cocaine) committed in 1997. He was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Wade's conviction, habitual offender adjudication, and sentence were affirmed on appeal in *State v. Wade*, 36,295 (La. App. 2 Cir. 10/23/02), 832 So. 2d 977, *writ denied*, 2002-2875 (La. 4/4/03), 840 So. 2d 1213, in which a more detailed description of the underlying facts is contained.

On July 25, 2018, Wade filed a motion to correct an illegal sentence, arguing that his life sentence was illegal and, citing *Esteen*, *supra*, and La. R.S. 15:308, he was entitled to be resentenced under the more lenient penalty provisions of La. R.S. 15:529.1 as amended in 2001. Thus, the trial court issued an order granting Wade's motion and setting a hearing date for resentencing. The state opposed the trial court's order, arguing it was premature to grant Wade's motion to correct illegal sentence. The state sought a contradictory hearing to consider the matter.

On November 26, 2018, an amended order was filed, which rescinded the trial court's previous order and granted the state's request for a contradictory hearing. At that hearing, the trial court denied Wade's motion to correct illegal sentence. Wade sought supervisory review by this court, and ultimately his writ was granted in part and remanded with instructions. *State v. Wade*, 52,692-KW (La. App. 2d Cir. 1/18/19). In that writ order, it was determined that Wade qualified for application of the 2001 ameliorative provisions of La. R.S. 15:529.1. However, remand was necessary because it was unclear from the record whether Wade was convicted of possession of a Schedule II CDS (cocaine), an offense committed in 1997 under La. R.S. 40:967(C) or under a subsection of La. R.S. 40:967(F)(1). Thus, the trial court was instructed to make a specific judicial determination from Wade's record to establish whether he was sentenced under the provisions of La. R.S. 40:967(C) or La. R.S. 40:967(F)(1) for his 1997 possession of cocaine conviction.[1]

_____

[1] In the writ order, it was noted if Wade was sentenced for possession of cocaine under the 1997 version of La. R.S. 40:967(C), rather than La. R.S. 40:967(F)(1), his sentence of mandatory life as a third-felony offender under the 2001 amended version of La. R.S. 15:529.1(A)(1)(b)(ii) would no longer be authorized. It was ordered that, should the trial court find that Wade's 1997 possession of cocaine conviction is no longer a

2

On May 28, 2019, the trial court determined that Wade's 1997 conviction for possession of cocaine was under La. R.S. 40:967(C) and that his life sentence was no longer authorized by law. Wade was resentenced to 50 years' imprisonment with the benefit of parole, and no eligibility for probation or suspension of sentence, under La. R.S. 15:529.1(A)(1)(b)(i). On July 3, 2019, Wade filed a counseled motion to reconsider sentence, asserting that his sentence was constitutionally excessive. The trial court denied the motion. On July 8, 2019, Wade filed a *pro se* motion to reconsider sentence. He asserted that the prior convictions used in his habitual offender adjudication should be vacated because the trial court failed to "ascertain such facts" prior to resentencing. The trial court did not rule on Wade's *pro se* motion to reconsider sentence. This appeal followed.

## DISCUSSION

*Motion to Reconsider Sentence*

Initially, we will consider Wade's assignment of error in which he submits that the trial court erred in denying the motions to reconsider sentence in this matter; however, he does not make any specific argument regarding this assignment of error, but notes that "as all the assignments of error related to the sentence, they will be argued together," and he "does not wish to waive any assignments of error." In response, the state argues that the motions to reconsider sentence were untimely as they were not filed within 30 days of Wade's sentencing. The state further argues the trial court

_____

qualifying offense under the 2001 version of La. R.S. 15:529.1(A)(1)(b)(ii), then the trial court should determine if Wade's life sentence is illegal under La. R.S. 15:529.1(A)(1)(b)(i) and *Esteen, supra*, and whether Wade should be resentenced under that statute.

3

did not abuse its discretion in denying Wade's motion to reconsider sentence.

Under La. C. Cr. P. art. 881.1, "in felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence."

Wade was resentenced on May 28, 2019. A counseled motion to reconsider sentence was not filed until July 3, 2019, more than 30 days after the date of his resentencing; despite the motion's untimeliness, it was considered by the trial court and denied. Wade's *pro se* motion to reconsider sentence was not filed until July 8, 2019, again more than 30 days after the date of his resentencing, but it was not considered by the trial court. The trial court had no authority, nor was it statutorily required, to consider Wade's untimely filed motions to reconsider sentence. *State v. Jones*, 41,449 (La. App. 2 Cir. 9/20/06), 940 So. 2d 61. As such, the trial court erred in even considering the counseled motion to reconsider sentence. Further, the trial court was not required, under La. C. Cr. P. art. 881.1, to consider Wade's dilatory *pro se* motion. Thus, there is no basis for this assignment of error.

*Excessive Sentence*

In Wade's additional assignments of error, he argues that the sentence imposed in this matter is unconstitutionally harsh and excessive given the facts and circumstances, and the trial court failed to state an adequate basis for the sentence imposed in this matter. Specifically, he maintains the record does not support the imposition of a 50-year sentence. He asserts the trial court failed to consider that the Louisiana Legislature reformed

4

sentencing as to both habitual offender law and the underlying offense in this matter in 2019, and under the 2019 revisions, Wade would have faced a maximum sentence of 20 years' imprisonment. Wade further argues the trial court failed to particularize the sentence by ordering a presentence investigation or consideration of Wade's rehabilitation during incarceration. He asserts the only matter considered by the trial court was his prior convictions, which had already come into play in the form of the enhanced sentencing provision and should not have been used to justify the imposition of a near maximum sentence without an examination of the facts underlying those prior convictions. We disagree.

When a defendant fails to timely file a motion to reconsider sentence, the appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. *State v. Mims*, 619 So. 2d 1059 (La. 1993); *State v. Flores*, 52,639 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1199. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 2001-2574 (La. 1/14/03), 839 So. 2d 1; *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 2001-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Washington*, 46,568 (La. App. 2 Cir. 9/21/11), 73 So. 3d 440, *writ denied*, 2011-2305 (La. 4/27/12), 86 So. 3d 625. As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Williams*, 48,525 (La. App. 2 Cir. 11/20/13), 128 So. 3d 1250.

5

The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of his discretion. *State v. Williams*, 2003-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Diaz*, 46,750 (La. App. 2 Cir. 12/14/11), 81 So. 3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams, supra*; *State v. Free*, 46,894 (La. App. 2 Cir. 1/25/12), 86 So. 3d 29.

A defendant is not convicted of being a habitual offender but is adjudicated a habitual offender as a result of prior felony convictions. The sentence to be imposed following a habitual offender adjudication is simply an enhanced penalty for the underlying conviction. *State v. Parker*, 2003-0924 (La. 4/14/04), 871 So. 2d 317; *State v. Kennon*, 52,661 (La. App. 2 Cir. 5/22/19), 273 So. 3d 611. Thus, the punishment to be imposed on a habitual offender is that provided by La. R.S. 15:529.1 as it exists on the date a defendant commits the underlying offense. *State v. Parker, supra*; *State v. Kennon, supra*. The application of a subsequent amendment to a sentence is an improper metric to find a sentence excessive. *State v. Kennon, supra; State v. Floyd*, 52,183 (La. App. 2 Cir. 8/15/18), 254 So. 3d 38.

The 2001 amended version of La. R.S. 15:529.1(A)(1)(b)(i) provides:

A. (1) Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within

6

this state, upon conviction of said felony, shall be punished as follows:

….

(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:

….

(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction [.]

At the time of the underlying third felony, possession with intent to distribute a Schedule II CDS, cocaine, committed in 2000, was punishable under La. R.S. 40:967(B)(4)(b) with "a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence."

Because Wade failed to file a timely motion to reconsider sentence, review is limited to only constitutional excessiveness. However, even though appellate review of Wade's sentence is limited to constitutional excessiveness, an adequate factual basis for the sentence exists on this record. The trial court did not abuse its discretion in sentencing Wade to 50 years at hard labor.

In addition to the underlying conviction of possession with the intent to distribute a Schedule II CDS, cocaine, Wade was also convicted of aggravated flight from an officer, and his criminal record includes a conviction for armed robbery committed in 1994 and possession of cocaine committed in 1997. Wade was initially sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence as a third-felony habitual offender. It is clear from the trial judge's discussion with

Wade that while she was not the initial sentencing judge, she had reviewed his case and was able to answer all of his questions. Notably, the trial judge, in resentencing, initially indicated an intention to sentence Wade to the maximum of 60 years' imprisonment, but reduced that sentence to a mid-upper-range sentence of 50 years. As a result, Wade received a significant reduction of his sentence, from life imprisonment without the benefit of parole, to 50 years with the benefit of parole.

Wade also argues that the trial court should have considered the 2018 amendments to both the possession with intent to distribute cocaine sentences as well as the habitual offender law. He asserts that the amendments reflect an acknowledgment that the prior sentencing provisions resulted in excessive sentences for habitual offenders. While we recognize the recent changes in the drug and habitual offender laws, we note the jurisprudence does not afford Wade the benefit of the leniency of the 2018 amendments because his underlying offense occurred ***before*** those amendments took effect. *State v. Kennon*, *supra*; *State v. Parker*, *supra*. Further, the 2018 amendments clarified that courts "shall apply the provisions of this Section that were in effect on the date that the defendant's instant offense was committed." Thus, the legislature "clearly stated its intent to diminish the penalties for certain habitual offenders, but equally clearly stated its intent not to reopen or relitigate cases that arose before the effective date." *State v. Kennon*, *supra* at 619; *State v. Floyd*, *supra* at 43. Wade's attempt to utilize the recent amendments "as a convenient metric to find his sentence excessive," has recently been rejected by this court. *State v. Kennon*, *supra* at 619; *State v. Floyd*, *supra* at 43.

As a third-felony habitual offender entitled to the 2001 ameliorative provisions of La. R.S. 15:529.1, Wade was entitled to a term of not less than 20 years, nor more than 60 years, with the first 5 years to be served without benefits. In this case, the sentence imposed, 50 years' imprisonment, does not shock the sense of justice, particularly considering the nature of his prior offenses, and the sentence is not grossly disproportionate to the severity of the offense. For the foregoing reasons, his assignments of error are without merit.

## ERROR PATENT

Pursuant to La. C. Cr. P. art. 920, we have examined this record for errors patent, which shows the trial court failed to impose five years of Wade's sentence without the benefit of parole. The applicable version of the underlying offense statute, La. R.S. 40:967(B)(4)(b), requires that the first five years of the sentence be served without benefit of parole, probation or suspension of sentence. Regarding the imposition of a parole restriction, the conditions imposed on the statute of the underlying offense are those called for in the sentencing as a habitual offender. Thus, the 50-year sentence should have restricted parole for five years. However, this error does not require corrective action because the "without benefits" provisions of the statutes are self-activating under La. R.S. 15:301.1. *State v. Cassaday*, 51,947 (La. App. 2 Cir. 4/11/18), 247 So. 3d 1057, *writ denied*, 2018-0700 (La. 11/5/18), 255 So. 3d 1047; *State v. Garner*, 46,723 (La. App. 2 Cir. 11/2/11), 78 So. 3d 186.

**CONCLUSION**

For the foregoing reasons, Carlos Dewayne Wade's conviction, adjudication as a third-felony offender, and the resulting sentence are affirmed.

**AFFIRMED.**